## Lippincott, Appellant, *v.* Stevenson.

*Contract—Construction—Words—Maxim.*

1. Where particular words in an agreement have a definite and fixed meaning in one or more places in which they are used, a strong presumption arises that they were intended to have the same meaning wherever elsewhere used in the agreement.

2. Under such circumstances the maxim verba ita sunt intelligenda ut res magis valeat quam pereat generally applies.

Submitted February 21, 1922.  Appeal, No. 32, Oct. T., 1922, by plaintiff, from order of C. P. Mercer Co., Jan. T., 1921, No. 72, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Walter H. Lippincott v. John Stevenson, Jr.  Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Reversed.

Assumpsit on promissory note.

Rule for judgment for want of a sufficient affidavit of defense.  Before McLAUGHRY, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged.  Plaintiff appealed.

*Error assigned* was order, quoting record.

*J. A. Stranahan, Jr., T. A. Sampson,* and *H. B. Gill,* for appellant, cited: Wheeler v. Woodward, 66 Pa. 158; Burkheimer v. Geise, 82 Pa. 64.

*J. P. Whitla* and *C. S. Wesley,* of *Tustin & Wesley,* and *J. W. McWilliams,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 20, 1922:

Defendant contracted to buy from the banking firm of Bioren & Co., of which plaintiff is a partner, certain shares of stock "at the price of $990,000, payable by Stevenson [defendant] to the bankers as follows: $120,-000, thereof by promissory note of Stevenson, payable to the order of the bankers at their office in Philadelphia, Pennsylvania, one year from its date, unsecured; $870,000 to be represented by the promissory notes signed by Stevenson, aggregating said sum of $870,000, such notes to be in such denominations as Stevenson shall elect, and to be secured proportionately by [certain specified collateral]. The notes are to be payable five years from their date, with interest at the rate of six per cent per annum, payable semi-annually at the office of the bankers, Stevenson agreeing to pay in reduction of the aggregate principal of such notes at least $75,000 per annum, and to have the privilege of prepaying all or any part of said notes at any time prior to their maturity at the face amount thereof, with accrued interest to the date of payment.

"It is agreed that such notes shall be payable to such person or corporations as shall be designated by the bankers......

"It is agreed that as each of the above notes is paid off the proportional collateral securing same shall be delivered to Mr. Stevenson, and that U. S. Liberty Bonds shall be accepted by bankers at their par value in lieu of any of the above notes shall Mr. Stevenson desire to make payment in that way."

The $120,000 note was given to the plaintiff, and, when it fell due, defendant tendered $120,000 par value of U. S. Liberty Bonds in payment thereof, claiming he was entitled so to do because of the last paragraph above quoted. Plaintiff refused to accept the bonds and brought suit

on the note, whereupon defendant filed an affidavit of defense, averring a right to pay in the way stated, and thereafter, by leave of court, deposited the bonds and interest to date, in a depository named by the court. Plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which was discharged, and thereupon he prosecuted this appeal.

It will be noticed that the agreement, after specifying the two classes of notes to be given, refers to "the notes," "such notes," or "the above notes," in seven different places, including the one out of which this dispute arises, and in each of the other six the reference is unmistakably to the notes for which collateral is given, and by no construction can be held to refer also to the unsecured note, upon which this suit is brought. This is a most important fact, especially as the last use of these words is in the preceding part of the same sentence as the clause relied upon by defendant. Since "each of the above notes," in the first part of that sentence, can by no possibility refer to other than the collateral notes, the last part allowing payment of "any of the above notes" in Liberty Bonds, by necessary construction must refer to the same notes, notwithstanding the general language used; verba ita sunt intelligenda ut res magis valeat quam pereat.

This conclusion is also borne out by the clause relied on, even if taken alone, for if the construction claimed by defendant is the correct one, then his right to give Liberty Bonds is limited to so doing "in lieu of any of the above notes," that is instead of giving the notes themselves. The subsequent clause "should Mr. Stevenson desire to make payment in that way" can only mean shall make payment by giving Liberty Bonds "in lieu of any of the above notes," and not in payment thereof when they fall due.

To avoid misapprehension, we should add, perhaps, that if final judgment is entered for plaintiff, and payment made in accordance therewith, defendant will be

entitled to an order directing the return to him of the Liberty Bonds and cash now held by the court's depository.

The judgment of the court below is reversed and the record is remitted with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be entered.